CARMEN MEDINA, ET ALS., demandantes y apelados, *v.* SUCN. SANDALIO RIVERA LUNA, demandada y apelante.

No. 5314.—*Sometido:* Mayo 18, 1931. *Resuelto:* Mayo 26, 1931.

*Felipe Colón Díaz,* abogado de la apelante; *R. Arjona Siaca,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 9 de mayo, 1930, se presentó en esta Corte en este caso una moción pidiendo una prórroga de quince días para alegatos. La prórroga fué concedida. En mayo 10, 1930, se pidió que los autos del recurso fueran devueltos a la corte de distrito para ser completados. Se accedió a ello por orden de mayo 19, 1930. Desde entonces, nada más se gestionó en el recurso. Basándose en ello, el 29 de abril de 1931 el tribunal ordenó a la parte apelante que compareciera

el 19 de mayo siguiente a mostrar razones por las cuales no debía desestimarse, por abandono, la apelación.

La apelante no compareció el 19, pero el 16 archivó una estipulación firmada por los abogados de ambas partes que, en lo pertinente, expresa:

"Que en el caso del epígrafe, en la apelación está envuelta una resolución dictada por la Corte de Distrito del Distrito Judicial de Ponce, P. R., concediéndoles a los demandantes y apelados una cantidad de un mil dollars, por conceptos de honorarios de abogado, en el procedimiento sobre costas.

"Que ambas partes en este extremo han llegado a un arreglo amistoso y estiman que una cantidad de $600 es justa y razonable por los servicios profesionales de los abogados de la demandante y apelada.

"Por lo que suplicamos de esta Hon. Corte, dicte una resolución modificando la de la Corte de Distrito del Distrito Judicial de Ponce, P. R., condenando a la demandada y apelante Sucn. Sandalio Rivera Luna, mancomunada y solidariamente a pagarle a la demandante y apelada Carmen Medina *et als.,* la cantidad de $600 por concepto de honorarios de abogado."

Quiere decir que se pide a esta Corte Suprema que dicte en apelación una nueva sentencia fundándose en la sola estipulación de las partes, sin tener siquiera los autos ante sí.

Un recurso de apelación se establece para ser resuelto por sus méritos, a menos que cualquiera cuestión técnica o de procedimiento lo impida. Las alegaciones y la sentencia, y las pruebas en su caso, es lo que debe servir de base a la resolución de la corte de apelación. Esta puede revocar, confirmar o modificar la resolución o sentencia apeladas, colocándose en las mismas condiciones en que estuvo colocada la corte sentenciadora para actuar.

La estipulación archivada no sugiere una resolución legal del recurso, ni muestra una justa causa para que la apelación establecida no deba desestimarse por abandono. *La desestimación, por tal motivo, es lo único que procede.*